The People, *ex relatione* Samuel Crosby, *v.* Ebenezer Peck, Clerk of the Supreme Court.

*Motion for Writ of Mandamus.*

Foreign administrators cannot sue in the courts of this State.
*The Act to facilitate the collection of Judgments by Executors and Administrators*, applies only to administrators appointed by the courts of this State.
Execution cannot issue on a judgment, after a year and a day have elapsed from the rendition of the judgment.

J. W. Crosby, for the relator.

Breese, Justice, delivered the opinion of the Court:
By the facts agreed between the relator and the clerk, it appears that a judgment was rendered in this Court, in 1837, in favor of William Doherty, of the State of Ohio, against Oliver Lindsley and others, in this State, for the sum of $——, and that said judgment remains unsatisfied; that, in 1839, William Doherty died, and letters of administration were granted on his estate, in the State of Ohio, to the relator; that in July, 1841, the relator, as administrator aforesaid, presented a duly authenticated copy of said letters to the defendant, the clerk of this Court, and requested that they should be placed on the records of the Court, and execution issue upon the judgment; all which the clerk refused.

Upon this state of facts, the relator moves for a *mandamus* against the clerk, to compel him to record the letters of administration, and issue an execution upon the judgment, in the name of the relator, as administrator of the said William Doherty. To sustain this motion, the attention of the Court has been called to an act of the General Assembly of this State, approved February

19, 1841, entitled "*An Act to facilitate the collection of Judgments by Executors and Administrators.*" (1)

In placing a construction upon this act, now for the first time, we must consider what was the old law upon the subject; what its mischief; and what remedy does the act provide for it.

Before the passage of this act, if a person should die after the rendition of a judgment in his favor, its collection would be delayed until his executor or administrator could revive it, by *scire facias*, in his own name. This prevented the speedy collection of such debts, and worked serious injury in many cases, demanding legislative interposition. To supersede the necessity of thus reviving, by *scire facias*, such judgments, the act provides that the collection of the judgments of courts of record shall not be delayed or hindered by the death of the plaintiff, or person in whose name the judgment shall exist, but the executor or administrator may cause the letters testamentary, or of administration, to be recorded in the court in which the judgment exists, after which, execution may issue, and proceedings be had thereon, in the name of the executor or administrator, as such, in the same manner that they could or might be done or had, if the judgment existed in the name of such executor or administrator, in his capacity as such.

This act is remedial altogether, and not intended to enlarge the powers of executors or administrators, who could not before its passage sue at all in our courts, as is the case with regard to foreign administrators; the rule with them being well settled, that they are not authorized by their letters to sue in the courts of this State. Letters for that purpose must first be obtained here. Administrators who derive their powers from our own courts, are alone embraced within its provisions; and to facilitate them in the collection of debts due such estates as they may represent, was the sole object of its enactment.

This being the construction given to the act, the relator must fail in his motion. But there is another objection to the proceeding appearing upon the case agreed. More than a year and a day have elapsed since the judgment was rendered, and no execution has ever issued at any time. This, of itself, would justify the clerk in refusing to issue one at this time.

The motion for a mandamus is, therefore, denied with costs.

*Motion denied.*

(1) Laws of 1841, 168.